UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARL JOHNSON,                        )
                                     )
              Petitioner,            )
                                     )
       vs.                           )        Case No. 4:07CV690 CDP
                                     )
AL LUEBBERS,                         )
                                     )
              Respondent.            )


## MEMORANDUM AND ORDER

Petitioner Carl Johnson is currently incarcerated in the Farmington

Correctional Center in Farmington, Missouri.  Johnson was convicted by a jury of

second degree burglary, stealing under $750, and making a false declaration.

Johnson was sentenced as a prior and persistent offender to concurrent terms of

sixteen years imprisonment for the burglary charge, one year imprisonment for the

stealing charge, and thirty days imprisonment on the charge of making a false

declaration.

Johnson raises five grounds for relief.  None of Johnson's claims entitle him

to habeas corpus relief and I will deny his petition for the writ.

I. Factual Background

Johnson's convictions arise from the burglary of a convenience store. On the evening of January 31, 2002, the manager of a Coastal Mart in St. Louis, Missouri, prepared the store for closing. She secured the store and placed $46.00 in cash in the cash register, and made sure the store's video surveillance system was working properly. At around 1:30 a.m., St. Louis police officers responded to a burglar alarm at the store. When they arrived, they noticed that the front door had been forced. They notified the dispatcher, and the manager was called back to the store. After the manager arrived, the police watched the surveillance video and sent out a description of the burglar and a van that had parked outside the store during the burglary. The manager discovered that the cash register (along with the $46.00) had been taken.

Between 1:50 and 2:00 a.m., a St. Louis police officer saw a white van that matched the description. After checking the license plate and finding no valid registration, the officer pulled over the van. Johnson was driving the van, and another man, Timmie Jackson, was riding in the passenger seat. When asked for identification, Johnson identified himself as "Art Johnson." Both Johnson and Jackson were arrested on unrelated charges. During an inventory search of the van, officers found a large pipe, a stocking cap, and gloves.

At the police department, Johnson told officers that someone had given him the van. Officers showed Johnson a photograph taken from the surveillance videotape and Johnson claimed it had been Jackson's idea to commit the burglary, and that Johnson had agreed to be the lookout. An officer pointed out that the burglar was wearing a jacket that matched Johnson's and Johnson admitted that it was him. Johnson then directed officers to an alley, where officers recovered the cash register from the dumpster. Johnson was then booked, and he signed his name as "Art Johnson." A computer search that matches names with photographs revealed that Johnson's name was not Art Johnson, but Carl Johnson. A fingerprint examiner confirmed that the prints on the "Art Johnson" arrest card belonged to Carl Johnson.

## II. Procedural Background

After a jury found Johnson guilty, he appealed his conviction to the Missouri Court of Appeals, arguing that the trial court erred in: 1) denying his motion for a continuance, and thus depriving Johnson of his rights to due process and a fair trial; 2) sustaining the State's peremptory challenges of three venirepersons; and 3) sentencing Johnson to sixteen years' imprisonment as a prior and persistent offender. The Missouri Court of Appeals affirmed the convictions, but found that the State had failed to prove that Johnson was a persistent offender, and so

remanded the case for re-sentencing.  <u>State v. Johnson</u>, 150 S.W.3d 132, 139 (Mo.App. E.D. 2004).

On March 4, 2005, Johnson was sentenced to the same terms of incarceration.  Johnson did not appeal the new sentence and judgment.  On March 25, 2005, Johnson filed a pro se motion for post-conviction relief under Rule 29.15.  On July 15, 2005, appointed counsel timely filed an amended motion.  The Circuit Court denied Johnson's motion without an evidentiary hearing on January 12, 2006.  Johnson appealed the ruling.  The Missouri Court of Appeals denied relief on January 30, 2007.

III. <u>Grounds Raised</u>

Johnson now seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  He asserts the following grounds for relief:

1. His rights to due process were violated by the trial court's failure to grant a continuance when the state made a late disclosure of evidence the day before trial;

2. Trial counsel was ineffective because she failed to request a continuance after the state made a late disclosure of evidence;

3. The trial court wrongly denied <u>Batson</u> challenges to the state's peremptory strikes of venirepersons Shannon, Houston, and Turner;

4.       Ineffective assistance of trial counsel based upon counsel's failure to attempt to rebut the state's race-neutral explanations for three of its peremptory strikes;

5.       His due process rights were violated when he was sentenced as a prior and persistent offender on remand.

IV.  <u>Discussion</u>

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The Eighth Circuit has articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but

arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

Shafer v. Bowersox, 329 F.3d 637, 646–47 (8th Cir. 2003) (quoting Williams v.

Taylor, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003).

If the petitioner has not properly presented these claims in state court, however, the federal court cannot review them:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B) (i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). To meet the exhaustion requirement, a petitioner must

"'fairly present' federal claims to the state courts in order to give the State the

'opportunity to pass upon and correct' alleged violations of its prisoners' federal

rights." <u>Duncan v. Henry</u>, 513 U.S. 364, 365, (1995) (quoting <u>Picard v. Conner</u>, 404 U.S. 270, 275,(1971)).  The Eighth Circuit has acknowledged that there are no "bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits." <u>Brown v. Luebbers</u>, 371 F.3d 458, 461 (8th Cir. 2004). Rather, a court "must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court." <u>Id.</u>  When a federal constitutional question is not adjudicated on its merits in state court proceedings, the pre-AEDPA standard of review should apply. <u>Robinson v. Crist</u>, 278 F.3d 862, 865 (8th Cir. 2002).

<u>Ground 1: Trial Court's Failure to Grant Motion for Continuance</u>

Liberally interpreting Johnson's first ground for relief, he alleges that his due process rights were violated when the trial court failed to grant his motion for a continuance when the state made a late disclosure of evidence the day before trial and did not disclose some evidence at all.  The Missouri Court of Appeals held that there was no evidentiary basis for Johnson's claim in the record.

When the claim in question turns upon an issue of fact, the petitioner must demonstrate that an unreasonable determination of the facts occurred in state court in order to maintain his federal habeas claim.  28 U.S.C. § 2254(d)(2).  I have reviewed the record and find that the state court determination that there was no

evidentiary basis for Johnson's claim is supported by the record. The record does not contain a docket entry demonstrating that the alleged motion was actually filed, and there is no discussion of this in the transcript. While the record does include a copy of an unsigned motion for a continuance, the document was not verified, signed, or file-stamped, and, as stated above, it was not docketed in the court records or discussed in the transcript. I cannot say that the state court's denial of this claim was an unreasonable determination of the facts or the law, as its conclusion that the motion was not properly filed is supported by the record.

## Ground 2: Ineffective Assistance of Counsel for Failure to Request a Continuance

In Johnson's second ground for relief, he alleges that he received ineffective assistance of counsel because his counsel failed to request a continuance after the late disclosure of evidence. Johnson's claim was rejected by the motion court and by the Missouri Court of Appeals, which stated:

> Movant appears to allege two separate claims in this point on appeal: that the prosecutor committed misconduct by not providing timely discovery and that trial counsel was ineffective for failing to request a continuance when she received discovery the day before trial.
>
> First, the claim of prosecutorial misconduct is a trial error and therefore not reviewable under Rule 29.15. See State v. Carter, 955 S.W.2d 548, 555 (Mo.banc 1997)(stating "[c]laims of trial error will only be considered in a Rule 29.15 motion where fundamental fairness requires, and then, only in rare and exceptional circumstances"). Movant has presented no evidence that there are any rare or exceptional circumstances present. Therefore, because his

claim of prosecutorial misconduct is improperly raised, we decline to review it.

Second, the State argues, and the motion court found, that Movant has failed to plead sufficient facts showing prejudice that trial counsel was ineffective for failing to request a continuance because Movant did not receive portions of discovery until the day before trial.

The Missouri Supreme Court has held that when a movant fails to allege sufficient facts showing ineffective assistance of counsel, it is not error to deny the movant's motion. Morrow v. State, 21 S.W.3d 819, 823-24 (Mo.banc 2000).

In this case, Movant alleges that if he had had more time after receiving the discovery he could have presented a defense of mistaken identity. He claims that he could have presented testimony from "his immediate family" that he was not the person in the videotape. But Movant does not identify the members of his immediate family who would testify nor what the substance of their testimony would be.

As stated above, the evidence of Movant's guilt was substantial. The individual in the videotape was wearing a jacket similar to the one Movant was wearing when arrested two hours after the burglary, Movant admitted to participating in the burglary, and Movant led police to the discarded cash register. Thus, Movant has not pleaded sufficient facts showing that he was prejudiced by trial counsel's failure to request a continuance.

Therefore, we find that the motion court did not clearly err in denying Movant's Rule 29.15 motion without an evidentiary hearing. Point denied.

State v. Johnson, No. ED 87666 (Mo.Ct.App., Jan. 30, 2007).

To state a claim for ineffective assistance of counsel, Johnson must establish that defense counsel's performance did not meet an objective standard of reasonableness and that the deficient performance prejudiced the defense.

Strickland v. Washington, 466 U.S. 668, 687–88 (1984).  Failure to satisfy either prong is fatal to the claim.  See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir.1997).  In determining whether defense counsel's performance was constitutionally deficient, the Court must decide "whether counsel's assistance was reasonable considering all the circumstances."  Id. at 688.  There is, however, a strong presumption that "the challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Furthermore, to establish prejudice, Johnson must demonstrate that there is a reasonable probability that the decision reached would have been different absent counsel's error.  Strickland, 466 U.S. at 694; Griffin v. Delo, 33 F.3d 895, 900 (8th Cir. 1994).

In Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987), the Eighth Circuit stated that "the courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed . . . and his best judgment as to the attitudes and sympathies of the judge and jury."  Furthermore, "[t]he fact that the choice made later proves to have been unsound does not require a finding of ineffectiveness."  Id.  "[I]t is not enough to complain after the fact. . ., when . . . the strategy at trial may have been reasonable in the face of an unfavorable case."  Id. (citing Strickland, 466 U.S. at 690).  See also Shaw v. United States, 24 F.3d 1040, 1042 (8th Cir.

1994)(trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful); <u>Henderson v. Norris</u>, 118 F.3d 1283, 1287-88 (8th Cir. 1997).

As noted by the Missouri Court of Appeals, Johnson's claim has two parts. The first alleges prosecutorial misconduct based upon the state's late disclosure of discovery. This claim is procedurally barred. A claim is procedurally barred in a federal habeas petition if the petitioner has failed to follow state procedural rules in raising his claims. <u>Sweet v. Delo</u>, 125 F.3d 1144 (8th Cir. 1997). The Missouri Court of Appeals declined to review the claim, holding that Johnson's claim of prosecutorial misconduct was not reviewable in a 29.15 appeal because it was a claim of trial error that should have been raised in Johnson's direct appeal. In declining to raise the claim on direct appeal, Johnson failed to follow applicable state procedural rules in presenting his claim and therefore deprived the state courts of one full round of its review process. <u>Sweet v. Delo</u>, 125 F.3d 1144 (8th Cir. 1997). Thus, I cannot reach the merits of Johnson's claim of prosecutorial misconduct based upon the state's late disclosure of discovery because he did not properly raise it in the Missouri courts.

The remainder of Johnson's assertions under Ground 2 allege that counsel was ineffective because she failed to request a continuance. Johnson argues that he was prejudiced because if counsel had requested a continuance, she would have

had more time to prepare for trial. Yet, Johnson fails to demonstrate with any specificity how this further preparation would have resulted in a contrary result at trial. Further, as noted by the Missouri Court of Appeals, Johnson was convicted by overwhelming evidence. For the reasons set out by that court, Johnson cannot establish that the outcome would have been different had counsel had more time to prepare for trial. Accordingly, Johnson has failed to demonstrate that he was prejudiced by counsel's conduct.

The decision of the Missouri Court of Appeals is in accord with federal law. Because the state court's decision is not an unreasonable application of <u>Strickland</u> and was not based on an unreasonable determination of the facts, I will deny habeas relief on Ground 2 of the petition.

<u>Ground 3: Trial Court's Allowance of State's Peremptory Strikes</u>

In his third claim, Johnson alleges that the state impermissibly exercised some of its peremptory strikes in a racially discriminatory manner, in violation of <u>Batson v. Kentucky</u>, 476 U.S. 79, 89 (1986). Specifically, he challenges the prosecution's strikes of venirepersons Shannon, Houston, and Turner. The state court denied this claim.

Under the Equal Protection Clause, a prosecutor may not exercise a challenge to remove a potential juror solely on the basis of the juror's race. <u>Batson v. Kentucky</u>, 476 U.S. 79, 89 (1986). A three-step process is used to determine

whether a potential juror was struck solely on the basis of race.  Id. at 96.  See also

Rice v. Collins, 546 U.S. 333 (2006).  First, the trial court must determine whether

the defendant has made prima facie showing that the prosecutor exercised a

peremptory challenge on the basis of race.  Second, if the showing is made, the

burden shifts to the prosecutor to present a race-neutral explanation for striking the

juror in question.  Although the prosecutor is required to present an explanation,

"'[t]he second step of this process does not demand an explanation that is

persuasive, or even plausible'; so long as the reason is not inherently

discriminatory, it suffices."  Id., 546 U.S. at 338 (citing Purkett v. Elem, 514 U.S.

765, 767-68 (1995)).  Third, the court must determine whether the defendant has

carried his burden of proving that the prosecutor's explanation was a pretext for

racial discrimination.  Rice, 546 U.S. at 338.

Each of the three steps of Batson inquiry involves a determination of fact,

and therefore habeas review turns on whether the state court decision was based

upon an unreasonable determination of the facts.  Weaver v. Bowersox, 241 F.3d

1024, 1030 (8th Cir. 2001).  Such review presumes that the state courts found the

facts correctly, unless petitioner rebuts that presumption with clear and convincing

evidence.  Id.  Deference to trial court fact-finding is especially important in

habeas review of a Batson determination because of the state court's unique

awareness of the totality of the circumstances surrounding voir dire, and because of

the statutory restraints on the scope of federal habeas review.  Id.  Moreover, even erroneous fact-finding by the state courts will not justify granting a writ of habeas corpus if those courts erred "reasonably."  Id.

Following voir dire and the state's exercise of its peremptory challenges, Johnson raised a Batson challenge to the state's strikes of venirepersons Shannon, Houston, and Turner.  The prosecutor stated that he had struck the venirepersons because of their jobs: Shannon because she was a postal worker, Houston because she had been a teacher, and Turner because she was a lead paint inspector for the City of St. Louis.  He stated his general dislike for having postal workers and teachers on a jury.  The Court asked defense counsel for any response, and defense counsel did not provide one.  The Court then found that the state had provide race-neutral reasons for its strikes, pointed out that at least some whites with similar occupations had also been stricken, and then stated that there was no evidence of similarly situated whites who had not been stricken.  Johnson has not shown that this analysis was incorrect in any way.

The ultimate burden of persuasion regarding racial motivation lies with the opponent of the strike.  Purkett v. Elem, 514 U.S. 765, 768 (1995).  "It is not until the *third* step that the persuasiveness of the justification becomes relevant - the step in which the trial court determines whether the opponent of the strike carried his burden of proving purposeful discrimination."  Purkett, 514 U.S. at 768 (emphasis

in original).  Johnson offered nothing to the trial court to support any argument that these strikes demonstrated purposeful discrimination.

Accordingly, Ground 3 of the petition is denied.

### Ground 4: Ineffective Assistance of Trial Counsel for Failure to Rebut Race Neutral Explanations for State's Peremptory Strikes

In his fourth claim, Johnson alleges that his counsel provided ineffective assistance because she failed to rebut the state's race neutral explanations for three of its peremptory strikes.  Johnson raised this argument in his post-conviction motion, and again on appeal from the denial of that motion.  In affirming the denial of post-conviction relief, the Missouri Court of Appeals held that trial counsel was not ineffective:

> The failure to preserve a Batson claim for appellate review is not a cognizable claim under Rule 29.15.  State v. Harris, 908 S.W. 912, 916 (Mo.App.E.D. 1995).  In this case, Movant alleges error in counsel's failure to preserve his Batson claim and also appears to argue that the failure resulted in an unfair trial, as one to three additional black jurors could have sat on his jury.

> The majority of Movant's argument, however, focuses on the validity and constitutionality of the State's proffered reasons for striking these veniremen.  But that is not the proper focus of this issue.  Movant claims that "[d]efense counsel, to rebut the race-neutral reason proffered by the state, should have preserved the record for appeal by stating why she believed the reason given by the prosecutor was mere pretext for racial discrimination."  Nowhere in Movant's brief does he allege he received an unfair trial due to trial counsel's failure to rebut the State's reasons, rather Movant consistently emphasizes trial counsel's failure to preserve the claim.  Despite the fact that the failure to preserve a Batson claim is not cognizable on appeal, we will

address whether Movant's counsel provided ineffective assistance by failing to rebut the State's reasons for striking three veniremen.

The United States Supreme Court held that a defendant makes a prima facie case of discriminatory jury selection by looking at "the totality of the relevant facts" of the prosecutor's behavior during trial. Batson v. Kentucky, 476 U.S. 79, 93-94 (1986).

The motion court found not only that the State's proffered reasons for the strikes were credible, but that it may have been trial counsel's strategy to not rebut the State's reasons. See Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006)(holding that matters of trial strategy cannot be the basis for an ineffective assistance of counsel claim). In this case, the motion court noted that every peremptory strike utilized by trial counsel was against white veniremen. Thus, if trial counsel persisted in the Batson challenge, the State may have initiated a retaliatory challenge, so trial counsel chose not to press the issue. Furthermore, there is no evidence that the State would have been unable to explain its reasons for the strikes.

Movant also relies on the contention that there were similarly situated white jurors whom the State did not strike, as proof that the State's reasons were discriminatory. But this is not the case. The State struck white governmental employees as well as black governmental employees. The white governmental employees who remained on the jury held different positions than those whom the State struck.

In addition, Movant has presented no evidence that the outcome of his trial would have been different if his trial counsel had rebutted the State's proffered reasons for its strikes, as there was substantial evidence of Movant's guilt. The individual in the surveillance tape was wearing a jacket similar to the one Movant was wearing a jacket when arrested two hours after the burglary, Movant was arrested two hours after the burglary driving the van that was used in the burglary, Movant admitted to participating in the burglary, and Movant led police to the discarded cash register.

> Therefore, because Movant has presented no evidence of error or prejudice we find that the motion court did not clearly err in denying his Rule 29.15 motion without an evidentiary hearing. Point denied.

State v. Johnson, No. ED 87666 (Mo.Ct.App., Jan. 30, 2007).

In order to prevail on a claim for ineffective assistance of counsel, Johnson must establish that defense counsel's performance did not meet an objective standard of reasonableness and that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687–88 (1984). Failure to satisfy either prong is fatal to the claim. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir.1997). As explained in Ground 2, infra, there is a strong presumption that "the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

I agree with the state courts that counsel's decision not to rebut the state's race neutral explanations was not "outside the wide range of professionally competent assistance" under Strickland. As noted by the Missouri Court of Appeals, it may have been trial counsel's strategy to not rebut the State's reasons because of the possibility of the state initiating retaliatory Batson challenges. Additionally, the state's reasons for striking venirepersons Shannon, Houston, and Turner were credible, as strikes based on occupation are not unusual. Finally, the state struck white governmental employees as well as black governmental employees. Therefore, Johnson has not established that the defense counsel's

failure to rebut the state's race neutral explanations for three of its peremptory strikes was unreasonable.

Additionally, as the state court correctly found, Johnson has not shown that he was prejudiced by counsel's alleged oversight.  See Young v. Bowersox, 161 F.3d 1159, 1160 (8th Cir. 1998).  Johnson has not shown a reasonable probability that the results of the proceeding would have been different had venirepersons Shannon, Houston, and Turner not been stricken.  The decision of the Missouri Court of Appeals was well supported by the evidence and in accord with federal law.  Ground 4 of Johnson's claim is denied.

### Ground 5: Trial Court Error Based on Enhanced Sentence

In his fifth claim, Johnson alleges that his due process rights were violated when he was sentenced, after remand, as a prior and persistent offender under Missouri law.   This claim is procedurally barred because Johnson did not properly present it to the state court.

A claim is procedurally barred from federal habeas review if the petitioner has failed to follow state procedural rules in raising his claims.  Sweet v. Delo, 125 F.3d 1144 (8th Cir. 1997).  "[W]here a case on direct appeal is remanded for resentencing, a defendant is entitled to have the new judgment reviewed to determine whether the judgment entered by the trial court is in conformity with [the appellate court's] mandate."  State v. White, 70 S.W.3d 644, 650

(Mo.App.W.D. 2002)(quoting State v. Olney, 987 S.W.2d 466,

468)(Mo.App.W.D. 1999).  If circumstances arise that cast doubt on the

correctness of the law of the case as established on appeal, Missouri state court

procedures allow a litigant to press the appellate court to depart from the mandate

and opinion by motion for rehearing, motion to recall mandate, or by appeal from

the judgment entered after remand.  White, 70 S.W.3d at 650.  Johnson did not

follow these procedures, and so this claim was never presented to the state

appellate court for review after resentencing.

Johnson can overcome the procedural bar by showing:  1) "cause for the

default and actual prejudice as a result of the alleged violation of federal law"; or

2) that "failure to consider the claims will result in a fundamental miscarriage of

justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  To show cause,

Johnson must show "that some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier,

477 U.S. 478, 488 (1986).  To show actual prejudice, Johnson must demonstrate

"not merely that the errors at his trial created a *possibility* of prejudice, but that

they worked to his *actual* and substantial disadvantage, infecting his entire trial

with error of constitutional dimensions."  U.S. v. Frady, 456 U.S. 152, 170 (1982)

(emphasis in original).

To qualify for the fundamental miscarriage of justice exception, petitioner must show that he is "actually innocent" of the crime for which he was convicted. Schlup v. Delo, 513 U.S. 298 (1995); Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997). To make a showing of actual innocence, petitioner must: 1) support his allegations of constitutional error with new reliable evidence not introduced at trial; and 2) establish that it is more likely than not that no reasonable jury would have convicted him after hearing the new evidence. Weeks, 119 F.3d at 1351. The actual innocence exception is a very narrow and limited exception, reserved for extraordinary cases that compel the exercise of the court's equitable discretion. Id.

Johnson has not made the requisite showing to overcome the procedural default. Johnson has made no showing of cause or of prejudice, nor has he shown anything that would bring this case within the fundamental miscarriage of justice exception. The record fully supports the conclusion that he was properly sentenced as a prior and persistent offender. Additionally, this claim does not really raise any federal issue. Although Johnson alleges that his due process rights have been violated, he merely argues that the state procedure was not complied with, and that, under state law, he could not be sentenced as a prior and persistent offender on remand. He relies on Mo. Rev. Stat. § 558.021.2 (2000), which provides, in pertinent part that, "[i]n a jury trial, the facts [sufficient to establish the accused as

a prior and persistent offender] shall be pleaded, established and found prior to submission to the jury...."  This is a state law issue, and the claim rests on an interpretation of a state statute.

The United States Supreme Court has ruled that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Federal habeas corpus relief exists only for a petitioner in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  See also Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994); Rhode v. Olk-Long, 84 F.3d 284, 287 (8th Cir. 1996).  There is no constitutional right to have the state prove prior offenses necessary for enhancing a sentence on a state charge before the case is submitted to the jury, and Johnson has not demonstrated that his custody is in violation of the United States Constitution.  See 28 U.S.C. § 2254(a).

For all the above reasons, I will deny Ground 5 of Johnson's petition.

## Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability.  28 U .S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  Id. at § 2253(c)(2); see Tiedeman v. Benson, 122

F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Johnson's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that petition of Carl Johnson for writ of habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2009.